JOHN T. KEATING
Nevada Bar No. 6373
**K E A T I N G** LAW GROUP
9130 W. Russell Road, Suite 200
Las Vegas, Nevada 89148
jkeating@keatinglg.com
(702) 228-6800 phone
(702) 228-0443 facsimile
Attorney for Defendant

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ANGELINA MOYA<br><br>    Plaintiff,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY, a Foreign Corporation; DOES I-X; ROE BUSINESS ENTITIES XI-XX,<br><br>    Defendants. | CASE NO.: 3:25-CV-00093-MMD-CLB<br><br>**ORDER GRANTING STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, by and through their respective attorneys, to the following:

    a)    If any party to this lawsuit believes that any documents it discloses or produces during discovery are confidential, that party shall designate such documents by marking them with an overlay that indicates the confidential nature of the documents prior to the time of production. The parties shall identify confidential documents subject to this Protective Order by marking each page diagonally (from lower left-hand corner to upper right-hand corner) with the following language:

> CONFIDENTIAL MATERIALS PRODUCED PURSUANT TO STIPULATED PROTECTIVE ORDER IN CONJUNCTION WITH THE LAWSUIT OF *ANGELINA MOYA vs. ALLSTATE INSURANCE COMPANY*, UNITED STATES DISTRICT COURT, CLARK COUNTY, NEVADA, CASE NO. 3:25-CV-00093-MMD-CLB

b)  Unless otherwise permitted by statute, rule or prior court order, papers filed with the court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal and shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule IA 10-5. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City and County of Honolulu*, 447 F.2d 1172 (9th Cir. 2006); *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

c)  If a party disputes the confidential designation of a document, counsel for that party shall notify counsel for the designating party of such objection in writing, and the designating party shall file a motion for Protective Order with respect to the challenged document(s) within 30 days of receipt of such written notice.  If the designating party does not file such a motion within the 30-day period, the documents whose confidential designation are disputed shall be deemed to not be confidential by agreement of the parties.  If a Motion for Protective Order is filed within the 30-day period, the disputed documents and information shall remain subject to the provisions of this Protective Order, pending a contrary ruling by the Court.

d)  In accordance with SRCR 3,  if a party determines that it is reasonably necessary in conjunction with the prosecution or defense of claims in this case to include confidential documents, or the information contained therein, or make references thereto in papers filed with this Court or in any presentation to or before the Court, that party shall file a motion to seal, and upon review of said motion, an "in camera" review may be permitted.

e)  Confidential documents may be used in depositions, pleadings, court hearings and trial but shall remain subject to the Protective Order.  The parties further agree that they will not intentionally reveal the nature or content of a confidential document through the

examination of witnesses in a deposition.  If a confidential document is read into the transcript, or if a party believes that the nature or content of a confidential document is being revealed in a deposition, the party may designate the pertinent portion of a deposition as confidential and subject to this protective Order.  If the parties cannot agree on whether any portion of the designated transcript should be deemed confidential, the party claiming that the transcript should be confidential shall move for a protective order asking that the disputed portions thereof be deemed confidential, and that said disputed transcript shall remain subject to the provisions of this Protective Order, pending a contrary ruling by the Court.

    f) Except as otherwise provided herein, all documents and the information contained therein that are designated as confidential may only be disclosed by parties and the parties' counsel of record in this case to attorneys, clerks, paralegals and secretaries who are regular employees of (or have been retained as independent contractors by) a party's counsel, and to independent experts and consultants who are employed by a party as contemplated by Rule 26 (b)(4) of the Nevada Rules of Civil Procedures.  Said confidential documents and information shall be used only for the purpose of litigating the claims in this action and in no event shall be used for any other purpose.

    g) Prior to disclosing confidential documents or the information contained therein to any experts or consultants pursuant to Paragraph e) hereof, counsel for that party shall first give a copy of this Protective Order to such person(s) and receive from such person(s) an executed Confidentiality Agreement.

    h) Upon final termination of this action, including any appeals, all documents designated as confidential, and all copies, abstracts or summaries thereof, shall be returned to counsel for the designating party or destroyed.  If destroyed, the party destroying such documents shall certify in writing to counsel for the designating party that all confidential documents produced by the designating party, and all copies thereof, have been destroyed.

i) The terms of this Protective Order shall survive the final termination of this action, and shall continue to bind the parties and their counsel. However, while the Court shall enforce this Protective Order, the Court will only retain jurisdiction over stipulated protective orders while a case <u>is pending</u>, and its jurisdiction will cease upon dismissal of the case.

i) Any party may seek to have the Court modify or terminate this Protective Order at any time either party deems appropriate.

DATED this 27th day of June, 2025.

K E A T I N G LAW GROUP

*/s/ John T. Keating*
John T. Keating, Esq.,
Nevada Bar No. 6373
9130 W. Russell Road, Ste. 200
Las Vegas, NV 89148
*Attorney for Defendant*

DATED this 27th day of June, 2025.

CLAGGETT & SYKES

*/s/ Joshua Dowling*
Sean K. Claggett, Esq.
Nevada Bar No. 8407
Joshua Dowling, Esq.
Nevada Bar No. 12956
4101 Meadows Lane, Ste. 100
Las Vegas, NV 89107
*Attorneys for Plaintiff*

## ORDER

IT IS HEREBY ORDERED:

That the parties' request for a Protective Order is GRANTED and that all materials produced as described above shall be subject thereto.

IT IS FURTHER ORDERED that the Stipulated Protective Order agreed to by and between the parties is to remain in effect as described herein.

Dated: June 27, 2025

_____
UNITED STATES MAGISTRATE JUDGE